UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALISON VERTUCCI, | : |
| Plaintiff, | : |
| vs. | : No. 3:12cv1561(SRU)(WIG) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | : |
| | : |
| Defendant | |
| ------------------------------------------------------X | |

RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Plaintiff, as the prevailing party, has moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $10,222.48 [Doc. # 34]. Defendant does not challenge her entitlement to an award of reasonable fees, but maintains that both the hourly rates requested and the number of hours are unreasonable.

The EAJA provides that a court may award "reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a) to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(b). In order to calculate a "reasonable fee," the court initially calculates a "lodestar" figure, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, except that under the EAJA attorney's fees may not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable

fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). Additionally, a district court enjoys broad discretion in determining what is a reasonable amount of time expended in pursuing a claim. *See Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986).

The Requested Hourly Rates

The EAJA provides that the "amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees are capped at $125 per hour unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys to handle the type of proceeding involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). While the EAJA does not specify how district court judges are to calculate "increase[s] in the cost of living," 28 U.S.C. § 2412(d)(2)(A), the majority of courts have relied on the Consumer Price Index. *See Kiely v. Astrue*, No. 3:10cv1079, 2012 WL 3727164, at *1 (D. Conn. Mar. 30, 2012) (collecting cases). The Court, however, has discretion whether to grant a cost-of-living increase to the statutory hourly rate cap. *Green-Younger v. Barnhart*, No. 3:99cv1425, 2004 WL 2377224, at *5 (D. Conn. Sept. 30, 2004). "[A]n increase in the consumer price index does not mandate an increase." *Id.*

As for the requested hourly rate, Plaintiff seeks an enhancement of the statutory rate of $125 per hour to the following rates: $197.86 per hour for 2012; $200.36 per hour for 2013; and $201.69 for 2014. While Plaintiff asserts that these figures are based upon the increase in the cost of living since March 1996, when the EAJA was amended to provide for the statutory rate of $125 per hour, Plaintiff has failed to specify the cost-of-living index she used or how these rates

were calculated. The rates requested do not comport with either the All-City Consumer Price Index or the Connecticut City Consumer Price Index.[1] *See Kiely,* 2012 WL 3727164, at *1.

In *Seggerman v. Colvin*, No. 3:11cv1219, 2014 WL 2534876, at *2 (D. Conn. June 5, 2014), this Court previously rejected the identical requested hourly rates by Plaintiff's counsel and found the rates proposed by Defendant in this case to be reasonable - $188.65 for 2012, $189.23 for 2013, and $194.84 for 2014. These rates are somewhat higher than if the U.S. City Average Consumer Price Index had been used, and are slightly lower than if the Connecticut Consumer Price Index had been used.

The Court further notes that in *Barnes v. Astrue*, No. 3:11cv1780, 2013 WL 1296498, at *2 (D. Conn. Mar. 28, 2013), *aff'd*, 2013 WL 3853446 (D. Conn. July 23, 2013), the Court accepted Plaintiff's counsel's representation that an hourly rate of $188.27 accurately reflected the increase in the cost of living based upon the Consumer Price Index in 2012. This figure is significantly less than the $197.86 now sought for work in 2012. Likewise in *Beck v. Astrue*, No. 3:11cv1185, 2013 WL 1296494, at * 2 (D. Conn. Mar. 26, 2013), *report and recommendation adopted by* 2013 WL 3853444 (D. Conn. July 24, 2013), the Court accepted Plaintiff's counsel's requested rates of $188.65 for 2012, and $189.23 for 2013 based upon the Consumer Price Index. These figures are much closer to those proposed by Defendant than those sought by Plaintiff in this case.

Given the discretion afforded the Court in setting these rates and the fact that the rates

---

[1] According to the U.S. City Average Consumer Price Index, the hourly rates would be $184.16 for 2012, $186.88 for 2013, and $189.70 for 2014. http://states.bls.gov/cpi/. If the Consumer Price Index for New York, New Jersey, and Connecticut is used instead, the rates would be $189.10 for 2012, $192.63 for 2013, and $195.17 for 2014. *Id.*

requested by Defendant have previously been found to be reasonable and approved, *id.*, the Court concludes that the following rates are reasonable and should be applied in this case: $188.65 for 2012, $189.23 for 2013, and $194.84 for 2014.

The Requested Number of Hours

Plaintiff bears the burden of establishing her entitlement to a fee award. *Hensley*, 461 U.S. at 433. In *Hensley*, the Supreme Court directed the Court to "exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 434. The Court instructed that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (1980)) (emphasis in original).

As this Court has pointed out on a number of occasions, Social Security cases generally require, on average, between 20 to 40 hours of attorney time to prosecute. *See Seggerman*, 2014 WL 2534876, at *3; *Poulin v. Astrue*, No. 3:10cv1930, 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012). The relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings. *Seggerman* 2014 WL 2534876, at *3.

In this case, Plaintiff seeks an award of fees for a total of 53 hours, broken down as follows: 8.6 hours in 2012, 38.3 hours in 2013, and 6.1 hours in 2014, 3.8 of which involved preparing the fee application. Defendant has objected to the number of hours requested on the

grounds that (1) Plaintiff's counsel failed to itemize the time expended on specific tasks; (2) the amount of time spent on activities prior to the filing of Plaintiff's memorandum is excessive; (3) the amount of time spent on the memorandum of law is excessive in that this case presented no new or complex issues, counsel employed a significant amount of boilerplate language, and the Court rejected a number of the arguments raised; and (4) the amount of time spent on the EAJA fee application is excessive.

The Court agrees with Defendant that the amount of time spent on initial activities is excessive. Between September 19, 2012, and October 31, 2012, Plaintiff's counsel spent one hour setting up an initial appointment. The Court reduces the requested time to .2 hours.

After the complaint was filed, counsel then spent 1.9 hours reviewing standard ECF notices and preparing papers for service by the U.S. Marshal. The Court reduces these requested hours to .3 hours.

In 2013, between April 8 and May 24, Plaintiff's counsel has included .9 hours spent reviewing emails from this Judge's law clerk and ECF notices which related to counsel's failure to comply with the Scheduling Order and having to obtain extensions of time to file a dispositive motion. The Court disallows recovery for this time.

Plaintiff's counsel has requested fees for 32.3 hours spent on legal and medical research and preparing the memorandum in support of the motion for summary judgment. As Defendant points out, a significant portion of Plaintiff's memorandum was boilerplate. At the same time, this case was factually complex, with a record of over 900 pages. Indeed, the Court's Recommended Ruling was over 40 pages. Plaintiff's counsel argues that this case required extra time because he did not represent Plaintiff at the administrative hearing. However, a member of

his firm represented Plaintiff.  The Court does not consider this to be a valid excuse for expending an excessive amount of time on the memorandum. The Court finds that 32.3 hours is excessive and reduces it by ten hours to 22.3.

With respect to the hours spent in 2014, the Court agrees with Defendant that 3.8 hours for preparation of the EAJA application was excessive.  The memorandum rehashed facts and arguments set forth in the summary judgment memorandum, which was unnecessary.  The Court reduces these requested hours by 2.0 hours.

Accordingly, the Court finds that the following hours were reasonable and necessary: 6.2 hours in 2012; 27.4 hours in 2013; and 4.1 hours in 2014.  Applying the hourly rates yields an attorney's fee award of $7,153.37.

## Conclusion

The Court grants Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act [Doc. # 34] in the amount of $7,153.37.  This is a recommended ruling. *See Bilodeau v. Vlack*, No. 3:03cv1178, 2010 WL 2232480, at *1 (D. Conn. May 26, 2010).  Any objection to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of the receipt of this order.  Failure to object within fourteen (14) days may preclude appellate review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2 for Magistrate Judges; *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED, this ___10th___ day of September, 2014, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge